UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

John Robert Demos, Jr.,       :
     Plaintiff,              :
                             :
     v.                      :   File No. 1:08-CV-167
                             :
United States of America,     :
     Defendant.              :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 1)

Plaintiff John Demos, a state prisoner in Washington, seeks to file a complaint entitled "Petition for Breach of Contract." The primary allegation in the complaint is that Demos's ancestors were kidnapped from Africa and placed into slavery without consenting to being United States citizens. Demos contends that this lack of consent carried through the generations, and that he is therefore a foreign national. He further contends that, due to his status as a foreign national, courts in this country have no jurisdiction over him.

Demos seeks to proceed *in forma pauperis*. If the Court views his filing as a civil rights action, it cannot accept his *in forma pauperis* application because he has previously run afoul of the Prison Litigation Reform Act's "three strikes" rule. See 28 U.S.C. § 1915(g); Demos v. John Doe,

118 F. Supp. 2d 172, 174 (D. Conn. 2000).[1]  Furthermore, his argument that he is not subject to this country's laws is clearly frivolous.  See, e.g., Campbell v. I.R.S., 2001 WL 1840761, at *2 (N.D. Ohio March 31, 2001) (argument that plaintiff was "not a citizen of the United States by virtue of the fact that her ancestors were forcibly brought to this country as slaves hundreds of years ago" found "patently frivolous.").

If Demos is seeking release from his state sentence, his filing could be construed as a petition for habeas corpus relief.  See 28 U.S.C. § 2254.  Because Demos is incarcerated in Washington state, however, this Court would have no jurisdiction to hear his petition.  See 28 U.S.C. § 2254(d); Demos v. Bush, 31 Fed. Appx. 270, 271 (4th Cir. 2002).  While transfer to a court with jurisdiction might be appropriate in some instances, such a transfer is not warranted here since the argument set forth in the petition is clearly frivolous.  See In re Demos, 2001 WL 1488174, at *1 (D.C. Cir. Oct. 10, 2001).

For these reasons, I recommend that the pending motion to proceed *in forma pauperis* be DENIED, and that this case

---

[1] There is no indication that Demos is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

2

be DISMISSED.[2]

Dated at Burlington, in the District of Vermont, this 15th day of August, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).

---

[2] The Court notes that the United States Supreme Court has barred Demos from filing any further petitions for extraordinary writs, including petitions for writs of habeas corpus. In re Demos, 500 U.S. 16, 16 (1991). Other courts have noted Demos's "long history of filing frivolous pleadings." Demos v. Reno, 159 F.3d 636 (Table) (D.C. Cir. 1998). Demos is hereby warned that future frivolous filings in this District may result in an injunction and, if necessary, sanctions.

3